UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 31, 2022

LETTER TO COUNSEL:

    RE:    *Tyree P. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-22-0296

Dear Counsel:

    On February 3, 2022, Plaintiff Tyree P. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    Tyree P. filed his applications for DIB and SSI on June 11, 2019. Tr. 15. He alleged a disability onset date of June 4, 2019. *Id.* His application was denied initially and upon reconsideration. *Id.* At his request, a hearing was held before an Administrative Law Judge ("ALJ") on April 30, 2021. Tr. 31-58. In a written decision dated June 16, 2021, the ALJ found that Tyree P. was not disabled under the Social Security Act. Tr. 15-25. The Appeals Council denied Tyree P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

    The ALJ evaluated Tyree P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Tyree P. had not engaged in substantial gainful activity since June 4, 2019, the alleged onset date. Tr. 17. At step two, the ALJ found that Tyree P. suffered from the following severe impairments: degenerative disc disease, status-post right iliac wing, right inferior pubic ramus, and right acetabulum fractures with ORIF of right iliac wing fracture, status-post right malleolus/fibula fracture, and pes planus. Tr. 18. At step three, the ALJ found Tyree P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20

---

[1] This case was previously assigned to other judges. It was reassigned to me on September 30, 2022.

C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). *Id.* The ALJ determined that Tyree P. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant can stand and walk for 3 hours in an 8-hour workday. He can occasionally operate foot controls with the right foot. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds. He is limited to jobs that can be performed while using a CAM boot on his right foot. He must avoid concentrated exposure to extreme cold, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

Tr. 20.

At step four, the ALJ determined that Tyree P. cannot perform past relevant work. Tr. 23. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Tyree P. can perform, including information clerk, cashier II, and mail clerk (non-postal). Tr. 24. Accordingly, the ALJ found that Tyree P. was not disabled under the Social Security Act. *Id.*

Tyree P. presents a single argument in this appeal: the ALJ erred by relying on the testimony of the VE without resolving an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles, as required by *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). ECF No. 11-1 at 4-9. After a careful review of the ALJ's opinion and the evidence in the record, I agree with Tyree P's argument, and I will remand the case for further proceedings under *Pearson*.

In *Pearson*, the Fourth Circuit explained that an ALJ presiding over a Social Security disability application will rely "primarily" on the Dictionary of Occupational Titles. 810 F.3d at 207. If an ALJ also relies on testimony from a VE, the ALJ must inquire whether the VE's testimony conflicts with the Dictionary of Occupational Titles, elicit a reasonable explanation from the VE on any conflict, and resolve any apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles. *Id.* at 207-08. An expert's testimony that apparently conflicts with the Dictionary of Occupational Titles "can only provide substantial evidence if the ALJ has received [an] explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary." *Id.* at 209-10. In *Pearson*, the ALJ found that the claimant could only reach upward with his nondominant arm occasionally. *Id.* at 210. Relying on testimony from a VE, the ALJ also found that the claimant could perform three occupations that the Dictionary of Occupational Titles defined to include "*frequent* reaching as a requirement." *Id.* Noting the apparent conflict between the VE's testimony (which only required the claimant to reach upward with his non-dominant arm occasionally) and the Dictionary of Occupational Titles (which defined the jobs to include frequent reaching), the Fourth Circuit remanded the case because the ALJ failed to elicit an explanation from the VE as to this apparent conflict and because the ALJ failed to resolve whether such explanation was reasonable.

In this case, the ALJ found that Tyree P. was only capable of performing a limited range

of light work. As it relates to Tyree P.'s argument in this appeal, the ALJ found that Tyree P. could only "stand and walk for 3 hours in an 8-hour workday." Tr. 20. In response to questions about what jobs an individual with Tyree P.'s RFC could perform, the VE identified three occupations: information clerk, cashier II, and mail clerk (non-postal). Tr. 24. The VE affirmed that her testimony was "according to the Dictionary of Occupational Titles." Tr. 55. And in his decision, the ALJ found that the VE's testimony was "consistent with the information contained in the DOT." But according to the Dictionary of Occupational Titles, each of the jobs identified by the VE is classified as "light work." *See* ECF No. 11-3, 11-4 & 11-5. In general, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10 (S.S.A. 1983).

The ALJ limited Tyree P. to performing work that only required him to stand and walk for 3 hours in an 8-hour workday, but the ALJ testified that Tyree P. could perform jobs that apparently require a worker for stand or walk for 6 hours in an 8-hour workday. This is an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles. The ALJ did not ask the VE to resolve this apparent conflict. Instead, the ALJ asked the VE whether the VE had testified "according to the Dictionary of Occupational Titles," and the VE stated that she had. Tr. 55. Further, although the ALJ stated in the decision that the VE's testimony was consistent with the Dictionary of Occupational Titles, the ALJ did not explain the basis for this finding or cite any evidence to support it. The Court finds that the ALJ's reliance on the VE's testimony, which apparently conflicts with the Dictionary of Occupational Titles, violates the requirements of *Pearson*, 810 F.3d 204.

This Court's function is to review the ALJ's decision to determine whether it is supported by substantial evidence and whether the ALJ employed the proper legal standards. Because the ALJ did not resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles, the Court cannot find that the ALJ's decision (which relies on the VE's testimony) is supported by substantial evidence. This case must be remanded. The Court expresses no opinion on the ultimate issue of Tyree P.'s disability.

For these reasons, both parties' motions for summary judgment (ECF Nos. 11 & 13) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g). the Acting Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge